UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BRIAN J. SWEARINGEN, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:24-CV-460-JEM |
| SERGEANT HENSLEY, | ) |
| Defendant. | ) |

# MEMORANDUM OPINION

Plaintiff, a former prisoner of the Tennessee Department of Correction proceeding pro se, filed this action for violation of 42 U.S.C. § 1983 [Doc. 2]. On April 14, 2025, pursuant to the parties' consent, United Stated District Judge Clifton L. Corker entered an order referring this matter to the undersigned, which the Clerk mailed to Plaintiff [Doc. 20]. On May 2, 2025, however, the United States Postal Service returned the Court's mail to Plaintiff containing Judge Corker's April 14 order as undeliverable [Doc. 22]. The Court further takes judicial notice that the Tennessee felony offender database indicates that Plaintiff's sentence expired on April 17, 2025.[1] *See* Felony Offender Information, Tennessee Department of Correction, https://foil.app.tn.gov/foil/details.jsp (last visited May 12, 2025). Plaintiff has not updated the Court regarding any change in his address since that date. Under this Court's Local Rules, Plaintiff was required to update the Court as to his most recent address within fourteen days. *See* E.D. Tenn. L.R. 83.13 (providing that a pro se party has a duty to notify the Clerk and the other parties to the

---

[1] "The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

proceedings of any change in his or her address within fourteen days, "to monitor the case, and to prosecute . . . the action diligently"). Accordingly, for the reasons set forth below, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Rule 41(b) gives this Court the authority to sua sponte dismiss a case when a "plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)." (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962)). The Court examines four factors when considering dismissal under this Rule:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citation omitted).

As to the first factor, the Court finds that Plaintiff's failure to timely update the Court regarding his current address is due to his willfulness or fault, as the Court previously notified him of the requirement that he do so and that dismissal could result from a failure to do so [Doc. 5 p. 1; Doc. 6 p. 6; Doc. 21 p. 3]. As to the second factor, the Court finds that Plaintiff's failure to update his address has not prejudiced Defendant. Defendant filed a motion for summary judgment [Doc. 14], and while Plaintiff has not responded to Defendant's pending motion, the deadline to do so passed before his apparent address change. E.D. Tenn. L.R. 7.1(a). Thus, it does not appear that Plaintiff's change in address caused his failure to respond to this dispositive motion. As to the third factor, as set forth above, the Court notified Plaintiff that failure to timely update the Court

regarding any change in his address could result in dismissal of this action [*Id.*]. Finally, as to the fourth factor, the Court finds that alternative sanctions are not warranted, as the Court granted Plaintiff leave to proceed in forma pauperis in this action, and he has failed to comply with the Court's clear instructions. On balance, the Court finds that these factors support dismissal of this action under Rule 41(b).

The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se status prevented him from updating the Court as to his current address, and his pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, this action will be **DISMISSED** for want of prosecution pursuant to Rule 41(b). The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

ENTER:

Jill E. McCook
United States Magistrate Judge